# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Kermit E. Mitchell,**

    **Plaintiff,**

**v.**                                                                  Case No. 15-3224-JWL

**Erica Nelson,**

    **Defendant.**

## **MEMORANDUM & ORDER**

Kermit E. Mitchell, a federal prisoner convicted by military court-martial and appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition raises one claim—that following revocation of his military parole, he was improperly denied 240 days of work abatement (a variation of good time credit) that he had earned prior to his release. In its answer and return, the government contends that the court should deny the petition because Mr. Mitchell has failed to exhaust his administrative remedies with respect to his claim. As will be explained, the petition is dismissed without prejudice.

Before seeking collateral review in the civilian system, a military prisoner must exhaust all available military remedies. *Banks v. United States*, 431 Fed. Appx. 755, 757 (10th Cir. 2011) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)). "This requires the petitioner to exhaust not just military court remedies but administrative ones as well." *Id*. The failure to exhaust available military remedies requires a civilian court to dismiss without prejudice the petition; "until the petitioner takes advantage of all modes of relief available in the military system, civilian review must await another day." *Id*. (citing *Rose v. Lundy*, 455 U.S.

509, 510 (1982); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002)). Mr. Mitchell concedes in his petition that he has not sought an administrative remedy or pursued any relief in military courts relating to this claim. The government asserts in its answer and return that review of Mr. Mitchell's claim is available in the military system. Mr. Mitchell has not filed a traverse to the government's answer and, thus, does not contest that review of his claim is available in the military system and that he has not pursued relief in the first instance through that system. The court, then, must dismiss the petition without prejudice.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Mitchell's petition for relief under 28 U.S.C. § 2241 is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2016, at Kansas City, Kansas.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge

---

[1] The government urges that Mr. Mitchell has procedurally waived his claim by not asserting that claim in the military system. But a claim is only waived (in the sense that the petitioner is barred from ever raising the claim in a civilian court) if the petitioner asserts a claim that "could have been presented to military officials but no longer may." *Banks*, 431 Fed. Appx. at 757. Because the government has not shown that Mr. Mitchell's claim is procedurally defaulted, the court dismisses the petition without prejudice.